IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jonathan Donell Edwards Rhodes, ) | C/A No. 5:19-cv-03231-SAL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Brian Sterling; Joseph McFadden; James ) | |
| Blackwell; Tiffany Ravenell; Larry ) | |
| Cooper; Francine Bachman; and Ms. Birch, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) (the "Report"). [ECF No. 12.] Also before the court are three motions to amend the complaint filed by Plaintiff Jonathan Donell Edwards Rhodes ("Plaintiff"). [*See* ECF Nos. 16, 23, 28.] For the reasons outlined herein, the court declines the Report in part, adopts the Report in part, and denies Plaintiff's motions to amend as futile.

**PROCEDURAL BACKGROUND**

Plaintiff, an inmate appearing *pro se* and proceeding *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The facts alleged by Plaintiff are thoroughly outlined in the Report and, as a result, the court will not repeat them here. Suffice it to say, all of Plaintiff's claims, which he asserts pursuant to section 1983, relate to certain disciplinary charges and resulting disciplinary convictions.

In accordance with 28 U.S.C. § 1915, the Magistrate Judge reviewed Plaintiff's complaint to determine whether it set forth a cognizable claim. Because 28 U.S.C. § 1915 allows an indigent litigant to commence an action without prepaying the administrative costs associated with filing a

1

lawsuit, it is a privilege that can be subject to abuse. To prevent against those abuses, the statute allows a district court to dismiss a case upon finding that the action fails to state a claim or that it is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Here, the Magistrate Judge assumed all of Plaintiff's allegations were true, applied the above-standard, and concluded that Plaintiff's claims related to his disciplinary conviction were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and that his claims related to false disciplinary charges did not state a plausible constitutional claim. The Report concluded that any amendment would be futile and recommended dismissal of the complaint.

Attached to the Report was the notice of right to file objections. [ECF No. 12 at p.7.] Plaintiff timely requested an extension of time to file objections, and the request was granted. [*See* ECF Nos. 15, 17.] Plaintiff filed objections in accordance with the extended deadline. [ECF No. 21.] Additionally, Plaintiff filed three motions to amend his complaint. [ECF Nos. 16, 23, and 28.] All pending matters are now ripe for consideration by this court.

## LEGAL STANDARDS

**I. Review of a Magistrate Judge's Report.**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## II. Motions to Amend.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and leave should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has emphasized that the "mandate" to freely give leave is one "to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," leave to amend may be denied. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

## DISCUSSION

As noted above, the Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation. Plaintiff's objections and motions, however, are addressed in turn below.

3

Plaintiff's objections largely reiterate the allegations in the complaint. Consequently, they are general and conclusory objections, which do not direct the court to a specific error in the Report and do not warrant de novo review. *See Baccus v. Stirling*, No. 8:18-cv-1880, 2019 WL 978866, at *2 (D.S.C. Feb. 28, 2019) ("The vast majority of Plaintiff's objections rehash and supplement the allegations in this complaint[.]"). The court is able, however, to decipher two specific arguments. The first relates to the application of *Heck v. Humphries*, 512 U.S. 477 (1994) to bar Plaintiff's claims.[1] The second contends that the Report "misapprehended" the decision in *McClary v. Fowlkes*, No. 1:07-cv-1080, 2008 WL 3992637 (E.D. Va. Aug. 27, 2008). Each objection is considered below.

## I. *Heck*'s Favorable Termination Requirement.

The court first addresses the Report's application of *Heck*. There seems to be confusion among federal courts regarding application of *Heck* and its progeny in challenges to prison disciplinary proceedings. Some courts conclude that if the plaintiff is using section 1983 to set aside or expunge his disciplinary conviction, *Heck* and its progeny bar the section 1983 claim. *See, e.g., Kerr v. Orellana*, 969 F. Supp. 357, 358 (E.D. Va. 1997) ("[Plaintiff's claims for injunctive relief include expungement of the [disciplinary] conviction from his record" and "are not cognizable under section 1983 until he can show that the conviction underlying these claims has been invalidated.").

---

[1] Plaintiff argues that *Heck* does not apply because he "successfully challenged the unconstitutional disciplinary conviction." [ECF No. 21 at p.3.] To support his argument, Plaintiff references his allegation that he filed two grievances challenging the disciplinary convictions. According to Plaintiff, one grievance "wasn't processed or [was] missing," so "Plaintiff filed again to replace [the] initial grievance[.]" *Id.* at p.4. The court disagrees with Plaintiff's contention that the filing of two grievances equates to a successful challenge to the disciplinary convictions. *See id.* (conceding "the state didn't expunge charges from Plaintiff['s] SCDC record which is still affecting Plaintiff"). For the reasons outlined herein, however, the court finds that this issue is not dispositive. Instead, the court concludes that *Heck* and its progeny do not apply to the facts alleged in the complaint and, therefore, the favorable termination requirement does not apply.

4

Others, in contrast, conclude that the *Heck* line of cases bar only those section 1983 actions seeking to set aside disciplinary convictions where the court's decision to set aside the disciplinary conviction would have some impact on the underlying criminal conviction or corresponding sentence. This court concludes that the latter is the correct interpretation of the *Heck* line of cases, and it takes this opportunity to explain how it came to its conclusion.

### A. Pre-*Heck* Decisions.

Before *Heck*, the United States Supreme Court addressed the relationship between section 1983 and federal habeas statutes in *Preiser v. Rodriguez*, 411 U.S. 475 (1973). There, state prisoners brought a section 1983 action attacking the constitutionality of state prison disciplinary proceedings and seeking restoration of their good-time credits lost as a result of the alleged unconstitutional disciplinary proceedings. *Id.* at 476.

The Supreme Court recognized that a section 1983 action seeking restoration of good-time credits implicates *both* section 1983 and federal habeas statutes. To resolve the case, the Court carved out the "implicit exception" to section 1983's "otherwise broad scope." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). The resulting rule was that a section 1983 action would not lie when a state prisoner challenged "the fact or duration of his confinement," and sought either "immediate release from prison" or the "shorting" of his term of confinement. *Preiser*, 411 U.S. at 489; *id.* at 482. An action for restoration of good-time credits, in effect, serves as a demand for immediate release or shortened period of detention and, thus, lies at "the core of habeas corpus" relief. *Id.* at 487. As a result, the *Preiser* Court concluded that the state prisoners could not pursue their claims for restoration of good-time credits under section 1983.

The next year, in *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court "elaborated the counters of this habeas corpus 'core.'" *Wilkinson*, 544 U.S. at 79. In *Wolff*, the state prisoners

5

sought declaratory and injunctive relief related to the revocation of their good-time credits as a result of prison disciplinary proceedings. The Supreme Court relied on *Preiser*, in part, holding that the prisoners could not use section 1983 to seek restoration of the good-time credits. *Wolff*, 418 U.S. at 555. But it also held that the prisoners were not foreclosed from pursuing the declaration that the disciplinary procedures were invalid as a predicate to their damages claim. *See id.* The Court reasoned that even if the prisoners were successful, the result would not be their immediate release from prison or a shortened period of incarceration. *Id.*

Following *Preiser* and *Wolff*, a prisoner may not use section 1983 to seek restoration of good-time credits, but it may use section 1983 to seek declaratory and monetary relief that does not impact good-time credits.

**B. The *Heck* Bar.**

*Heck* faced a "different, but related, circumstance" from both *Preiser* and *Wolff*. *Wilkinson*, 544 U.S. at 80. It involved a state prisoner's section 1983 *damages* action, which challenged the conduct of certain state officials that ultimately led to his *criminal conviction*. *Heck*, 512 U.S. at 479. It was not a situation involving prison disciplinary proceedings. And, unlike in *Preiser*, the plaintiff in *Heck* did not seek immediate or speedier release from prison. He sought only damages. *Id.* at 481.[2] Despite this distinction, however, the Supreme Court concluded that the plaintiff in *Heck* could not pursue his claim under section 1983.

---

[2] On this point, the Supreme Court distinguished *Preiser v. Rodriguez*, 411 U.S. 475 (1973). *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("This case is clearly not covered by the holding of *Preiser*, for petitioner seeks not immediate or speedier release, but monetary damages[.]"). *Preiser* held that habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement and seeking immediate or speedier release from prison. 411 U.S. at 488–90. The *Heck* Court noted, however, that "when establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," "the claimant *can* be said to be 'attacking . . . the fact or length of . . . confinement[.]'" 512 U.S. at 482 (citing *Preiser*, 411 U.S. at 490 (emphasis in original)).

The Court reasoned that if the *Heck* plaintiff was successful in his damages action, his success would implicitly address the validity of his state court *criminal conviction*. Such a result, if allowed, would run counter to "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. Consequently, the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original). This holding, at its core, amplifies the distinction between the "two main avenues of relief on complaints related to imprisonment: a petition or habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).

### C. Post-*Heck* Prison Disciplinary Decision: *Edwards*.

Following *Heck*, the Supreme Court returned to disciplinary convictions in *Edwards v. Balisok*, 520 U.S. 641 (1997). There, the plaintiff-inmate was found guilty of four prison infractions, "sentenced to 10 days in isolation, 20 days in segregation, and deprivation of 30 days' good-time credit he had previously earned toward his release." *Id.* at 643. He brought a section 1983 action challenging the procedures used in his disciplinary proceeding, seeking monetary damages, and

7

requesting an injunction to prevent future violations.[3] The district court concluded that the claim was not cognizable under section 1983, the Ninth Circuit Court of Appeals reversed (holding that a claim that challenges only the procedures employed in a disciplinary hearing—as opposed to the result—is always cognizable under section 1983), and the Supreme Court granted certiorari. The Supreme Court posed the issue as follows: "whether a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits is cognizable under § 1983." *Id.*

The Supreme Court looked to *Heck* in addressing the issue, but identified a "critical difference" between the two cases. *Id.* at 645. Specifically, the "Respondent [in *Edwards*] . . . limited his request to damages for depriving him of good-time credits *without due process*, not for depriving him of good-time credits *undeservedly* as a substantive matter." *Id.* (emphasis in original). It concluded that while this distinction between a challenge to the procedure and a challenge to the result is "clearly established in [its] case law," it was not dispositive in this instance. *Id.* If the court issued a declaration that the decisionmaker in *Edwards* was bias and deceitful (as the plaintiff requested), that declaration would necessarily imply that his disciplinary result (revocation of plaintiff's good-time credits) was also invalid. *See id.* at 646 ("The principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits."). This scenario, according to the *Edwards* court, is the "possibility, clearly envisioned by *Heck*, that the nature of the challenge to the procedures could be such as [to] necessarily to imply the invalidity of the judgment." *Id.* at 645. In reaching this conclusion, it emphasized the following line from *Heck*: "Nor is there any indication in the opinion,

---

[3] The plaintiff in *Edwards* "did not request restoration of the lost credits," but reserved the right to do so. *Edwards v. Balisok*, 520 U.S. 641, 644 (1997).

or any reason to believe, that using the wrong procedures necessarily vitiated the denial of good-time credits." *Id.* at 646 (citing *Heck*, 512 U.S. at 482–83).

The Supreme Court ultimately reversed the Ninth Circuit's decision and concluded that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed [*i.e.*, revocation of good-time credits], is not cognizable under § 1983." *Id.* at 648; *see also Pierce v. Freeman*, 121 F.3d 699, at *2 (4th Cir. 1997) (table decision) ("Pierce's claims, if proven, would necessarily imply the invalidity of the revocation of his good time credits. . . . For this reason alone, Pierce could not be awarded in this suit pursuant to section 1983 the monetary damages he seeks."); *Dilworth v. Corpening*, 613 F. App'x 275 (4th Cir. 2015) (unpublished per curiam opinion) ("The district court properly dismissed the claim because it was not cognizable under § 1983 in the absence of a showing that the disciplinary conviction supporting the revocation of good time credits has been overturned.").

### D. Application to Plaintiff's Allegations.

The present case does not fall neatly into the facts of *Preiser*, *Wolff*, *Heck*, or *Edwards*.

Here, Plaintiff alleges he was denied a copy of his incident report related to the seven disciplinary charges and, as a result, could not "properly defend [himself]." [ECF No. 1-1 at p.7.] At the disciplinary hearing, Plaintiff requested a continuance, which was denied. *Id.* at p.8. He was ultimately convicted of five of the seven charges and "lost visits, canteen, phone privileges, and [his] custody level was changed to medium." *Id.* Later, he was allowed to "examine the 'computer incident report.'" *Id.* at p.9. After reviewing the report, he claims that he and "Lt. Grant . . . concluded that Lt. Cooper 'planted the possession of [the] escape tool,'" and, therefore, he "was found guilty of a charge that never existed." *Id.*

He claims that as a result of these actions, he "sustain[ed] serous depression, stress, anxiety, paranoia, anger, [] a lose[sic] of MI custody status for 2 years, punitive segregation for the amount of approximately 8 months (240 days), visitation, phone, tv, canteen privileges, recreation outdoors, clean and fresh air, personal property such as clothing, pictures, letters and newspapers and proper hygiene." *Id.* at p.12. He was "also placed on security detention" and was unable to attend his sister's funeral. *Id.* In terms of relief, he seeks "a declaration that the acts and omissions described [] violate his rights under the Constitution;" "[a] preliminary and permanent injunction ordering . . . expunge[ment] of all charges pertaining to . . . [the] falsified possession of escape tool from SCDC record;" and "compensatory damages." *Id.* at p.13.

Unlike *Preiser*, Plaintiff does not seek restoration of any good-time credits. In fact, he does not allege that he lost any good-time credits as a result of his disciplinary convictions. The present action is similar to *Wolff* in that Plaintiff's declaration could be read to include a request to declare the prison procedure of failing to give him an incident report invalid. But the fact remains that Plaintiff also challenges the result in that it asks the court to expunge his disciplinary conviction. *Heck* is not directly applicable either; Plaintiff is not claiming the conduct of state officials unconstitutionally caused his criminal conviction. This is a disciplinary proceedings case. And, finally, the instant matter differs from *Edwards* because any declaratory relief granted by this court would not, either expressly or implicitly, invalidate a deprivation of good-time credits. As noted above, good-time credits are not at issue in this case.

Given that this case differs from each of the above-listed cases, the court will continue its analysis and turn to the Supreme Court's more recent pronouncements regarding the parameters of *Heck's* favorable termination requirement in *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam) and *Wilkinson v. Dotson*, 544 U.S. 74 (2005).

10

### E. Post-*Edwards* Interpretations of the *Heck* Bar.

*Muhammad*, like *Edwards*, involved a section 1983 action related to a prison disciplinary proceeding. The plaintiff was charged with two violations of prison rules and was given prehearing detention. Following a disciplinary hearing, he "was acquitted of threatening behavior, but found guilty of the lesser infraction . . . for which prehearing detention would not have been mandatory." 540 U.S. at 752. For the conviction on the lesser infraction, he "was required to serve an additional 7 days of detention and deprived of privileges for 30 days." *Id.* at 752–53.

In the section 1983 action, the plaintiff alleged that he was charged with the higher infraction (threatening behavior) and given prehearing detention due to retaliation by prison officials. *Id.* at 753.[4] The district court recommended summary judgment in favor of the defendant on the ground that the plaintiff failed to come forward with sufficient evidence to raise a genuine dispute of material fact on the retaliation claim. The Sixth Circuit Court of Appeals reversed, finding the action barred by *Heck*.[5] The Supreme Court granted certiorari to resolve the "split of authority on the applicability of *Heck* to prison disciplinary proceedings *in the absence of any implication going to the fact or duration of [the] underlying sentence*[.]" *Id.* at 754 (emphasis added).

---

[4] In the section 1983 action, the plaintiff did not challenge his conviction for the lesser infraction or the resulting disciplinary action. *Muhammad v. Close*, 540 U.S. 749, 753 (2004) (per curiam). This is a distinction between *Muhammad* and the present matter. In this case, Plaintiff challenges the five disciplinary convictions, not the two of which he was acquitted. Like in *Muhammad*, however, Plaintiff here "raised no claim on which habeas relief could have been granted on any recognized theory, with the consequence being that *Heck's* favorable termination requirement [is] inapplicable." *Id.* at 755.

[5] The Sixth Circuit made a factual error in reaching its conclusion. *See id.* at 754 ("The decision of the Court of Appeals was flawed as a matter of fact and as a matter of law."). It held that *Heck* applied because the plaintiff sought "the expungement of the misconduct charge from the prison record" when his complaint sought no such relief. *Id.* ("Its factual error was the assumption that Muhammad sought to expunge the misconduct charge from his prison record.").

11

The Supreme Court explained that its holdings in *Heck* and *Edwards* "served the practical objective of *preserving limitations on* the availability of *habeas remedies*." *Id.* at 751 (emphasis added). Thus, if a "prisoner's challenge [] threatens no consequence for his conviction or the duration of his sentence," "[t]here is no need to preserve the habeas exhaustion rule and no impediment under *Heck* in such a case[.]" *Id.* at 751–52.

In *Muhammad*, the Sixth Circuit "follow[ed] the mistaken view expressed in [its] Circuit['s] precedent that *Heck* applies categorically to *all suits* challenging prison disciplinary proceedings." *Id*. (emphasis added). Of critical importance here, the Supreme Court concluded that these "administrative determinations *do not* as such *raise any implication about the validity of the underlying conviction*, and although they *may affect the duration of time to be served* (by bearing on the award of good time credits) that is not necessarily so." *Id.* (emphasis added). The Court further explained that "[t]he assumption is that the incarceration that matters under *Heck* is the incarceration ordered by *the original judgment of conviction*, not special disciplinary confinement for infraction of prison rules." *Id.* at 751 n.1 (emphasis added). Because the prehearing action in *Muhammad* did not impact his criminal conviction or any good-time credit he previously earned, the Supreme Court concluded that "[h]is § 1983 suit challenging this action could not therefore be construed as seeking a judgment at odds with *his conviction* or with the State's calculation of *time to be served* in accordance with the underlying sentence." *Id.* (emphasis added).

Because the plaintiff in *Muhammad* was acquitted on the disciplinary charge that served as the basis of his section 1983 case, *Muhammad* arguably left open the question of whether the Supreme Court's reference to "his conviction" meant the disciplinary conviction or the criminal conviction. Nevertheless, the undersigned believes that a thorough reading of the opinion *suggests* that the conviction that matters for purposes of the *Heck*-bar, *i.e.*, the "underlying conviction" or "his

12

conviction," is the criminal conviction for which he is serving the "underlying sentence." *Id.* The Supreme Court's decision in *Wilkinson*, decided just a year after *Muhammad* but outside of the disciplinary proceedings context, also seems to supports this conclusion.

In *Wilkinson*, two state prisoners brought a section 1983 action challenging the constitutionality of state parole procedures. They sought declaratory and injunctive relief. The district court concluded that the plaintiffs could not bring a section 1983 action; the appropriate remedy was a habeas corpus suit. The Sixth Circuit Court of Appeals reversed. The Supreme Court granted certiorari, and in its opinion, outlined its prior rulings addressing the "relationship between § 1983 and the federal habeas statutes." 544 U.S. at 78. It stated:

> Throughout the legal journey from *Preiser* to *Balisok*,[6] the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody. Thus, *Preiser* found an implied exception to § 1983's coverage where the claim seeks—not where it simply "relates to"—"core" habeas corpus relief, *i.e.,* where a state prisoner requests present or future release. *Wolff* makes clear that § 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner. *Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence. And *Balisok,* like *Wolff,* demonstrates that habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.

*Id.* at 81 (internal citations omitted; emphasis in original). Thus, the rule following all of these cases is that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

---

[6] This order refers to this decision as "*Edwards*."

13

leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

Thus, reading all of the above cases together, this court is compelled to conclude that in assessing whether a plaintiff can pursue a section 1983 action in the prison disciplinary context, it must ask: Is the judgment that the plaintiff seeks at odds—either expressly or implicitly—with the validity of his confinement (*i.e.*, his criminal conviction) or the duration of his sentence (*i.e.*, the calculation of time served)? *See id.* at 83 ("In context, *Heck* uses the word 'sentence' to refer not to prison procedures, but to substantive determinations as to the length of confinement."). If the answer is "no," neither *Heck* nor *Edwards* bar the suit.[7]

Given the allegations as currently pleaded by Plaintiff, if this court were to grant the relief and expunge the disciplinary convictions from his record, neither his underlying conviction nor the calculation of his time served would be impacted. As a result, this court concludes that neither *Heck* nor *Edwards* bar Plaintiff's suit. This matter may proceed, if at all, as a section 1983 action.[8]

---

[7] In *Edwards*, "the Court held the prisoner's suit *Heck*-barred not because it sought nullification of the disciplinary procedures but rather because nullification of the disciplinary procedures would lead necessarily to restoration of good-time credits and hence the shortening of the prisoner's sentence." *Wilkinson*, 544 U.S. at 84 (citing *Edwards*, 520 U.S. at 646).

[8] This order does not address whether Plaintiff otherwise states a viable constitutional claim related to the disciplinary proceedings absent the *Heck*-bar. *See, e.g., Johnson v. King*, No. 2:12-cv-183, 2013 WL 1729247, at *2 (S.D. Miss. Apr. 22, 2013) (concluding that inmate does not have a constitutional right to a certain custodial classification while incarcerated and, therefore, to the extent the plaintiff was seeking restoration of a certain custody level, he did not state a viable section 1983 claim); *Shaw v. Gillespie*, No. 9:19-cv-1863, 2019 WL 5257954, at *2 (D.S.C. Oct. 17, 2019) (concluding plaintiff did not plausibly allege deprivation of a protected liberty interest where he challenged disciplinary sanctions that imposed 30 days of disciplinary detention, 6 months in solitary confinement, and loss of canteen, visitation, and phone privileges for 120 days).

14

**F. Persuasive Authority.**

This court's interpretation of *Heck* and its progeny is consistent with at least one decision in this District,[9] as well as a recent decision by the Seventh Circuit Court of Appeals.[10]

The Seventh Circuit case is an interesting one. The issue before the court was whether the statute of limitations had run in a civil rights action in which the plaintiff's criminal conviction was pardoned by the governor of Illinois. It did not involve prison disciplinary proceedings. Yet,

---

[9] *See, e.g., Rush v. Patterson*, No. 8:10-cv-1937, 2011 WL 7063648, at *5 (D.S.C. Nov. 30, 2011) ("Plaintiff did not lose any good time credits as part of his disciplinary convictions . . ., and there is no indication that the disciplinary sanctions Plaintiff received affect the conviction for which Plaintiff is incarcerated or the length of his sentence. Therefore, the Court holds this action is not barred under *Heck*, and Plaintiff may proceed with his claims under § 1983."), *report and recommendation adopted*, No. 8:10-cv-1937, 2012 WL 170182 (D.S.C. Jan. 19, 2012). *See also Battle v. Eagleton*, No. 8:07-cv-1841, 2008 WL 2952349, at *5 (D.S.C. July 28, 2008) (where good-time credits were implicated by the disciplinary conviction; "to the extent the plaintiff seeks to expunge his disciplinary conviction, he may only do so by way of writ of habeas corpus, after he has exhausted his state court remedies"), *aff'd*, 308 F. App'x 692 (4th Cir. 2009).

[10] *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). The same issue was also addressed in an unpublished decision by the Tenth Circuit Court of Appeals. *See Requena v. Roberts*, 552 F. App'x 853, 855 (10th Cir. 2014) (unpublished) (concluding that because the plaintiff's disciplinary conviction "did not reduce [his] good-time credits or otherwise change the duration of his sentence[,]" "[i]t is therefore properly characterized as a 42 U.S.C. § 1983 claim"); *see also id.* at 856 n.4 (recognizing Heck and Edwards, noting "neither case appears to bar relief under § 1983 where, as here, a prisoner challenges the procedures used to assess certain disciplinary sanctions (other than a loss of good-time credits) that have no effect on the duration of his confinement"). Since *Requena*, district courts in the Tenth Circuit have consistently held that section 1983 is the proper avenue for challenges to disciplinary sanctions that do not impact good-time credits. *See, e.g., Kinard v. English*, No. 18-3082-SAC, 2018 WL 3861194, at *1 (D. Kan. Aug. 14, 2018) ("In the present case, Plaintiff does not complain of the loss of good conduct time or of any negative impact on the duration of his sentence. Rather, he claims that his custody classification was miscalculated. Accordingly, he may not challenge his classification in a habeas corpus action; rather, he must proceed, if at all, in a civil rights action[.]"); *Wiggins v. Sisco*, No. 17-3080, 2018 WL 1035161, at *1 (D. Kan. Feb. 23, 2018) ("If Mr. Wiggins did not lose good time credits, *Heck* does not bar his claims." (citing *Muhammad* and *Requena*)); *Franklin v. Lucero*, No. 1:18-CV-1239, 2019 WL 6075290, at *3 (D.N.M. Oct. 17, 2019) ("Here, Mr. Franklin's constitutional challenge to a disciplinary action that allegedly increased the duration of his time in an administrative segregation program constitutes a challenge to the conditions of confinement, appropriately brought under § 1983."), *report and recommendation adopted,* No. 1:18-CV-1239, 2019 WL 6054855 (D.N.M. Nov. 15, 2019).

the Seventh Circuit, sitting en banc, decided to use the opportunity presented to clarify five of its prior section 1983 prison disciplinary proceedings decisions. *Savory v. Cannon*, 947 F.3d 409, 419 (7th Cir. 2020) ("Several of our post-*Heck* cases contain dicta or rely on reasoning that is in conflict with *Heck* and *McDonough*,[11] and we must address and clarify those cases as well.").

The first—and most relevant for our purposes—decision clarified by the court was *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). In *DeWalt*, the court considered whether a prisoner could bring a section 1983 suit challenging a prison disciplinary sanction that resulted in the loss of his prison job. At the time of the section 1983 action, the disciplinary sanction had not been overturned or invalidated. *DeWalt* concluded that the plaintiff "challenged only *a condition of his confinement*—namely, the loss of his prison job—making a section 1983 claim the appropriate cause of action." *Id.* at 422 (citing *DeWalt*, 224 F.3d at 617) (emphasis added). In *Savory*, the court described the issue in *DeWalt* as the "then-open question" of "whether *Heck's* favorable termination requirement bars a prisoner's challenge under § 1983 to an administrative sanction that does not affect the length of confinement." *Id.* The Seventh Circuit "concluded that it did not," a position which it considered to be "later approved by the Supreme Court." *Id.* (citing *Muhammad*, 540 U.S. at 754).

---

[11] In *McDonough v. Smith*, 139 S. Ct. 2149 (2019), the United States Supreme Court held that a plaintiff acquitted of the charges against him did not have a "complete and present cause of action . . . to bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing. Only once the criminal proceedings [] ended in the [his] favor, or a resulting conviction [was] invalidated within the meaning of *Heck* . . . [that] the statute of limitations beg[a]n to run." *Id.* at 2158 (internal citations omitted). The Supreme Court acknowledged that the facts before it differed from those in *Heck* in that "the plaintiff in *Heck* had been convicted, while McDonough was acquitted." *Id.* at 2157. But McDonough's claims "challenge[d] the validity of the criminal proceedings against him in essentially the same manner as the plaintiff in *Heck* challenged the validity of his conviction." *Id.* at 2158.

16

*Savory* reaffirmed *DeWalt's* "basic holding:" "[A] section 1983 complaint that challenges a disciplinary sanction *related only to the conditions of confinement* and that does not implicate the validity of the underlying conviction or the duration of the sentence (e.g. loss of good time credits) is not subject to *Heck's* favorable termination requirement." *Id.* at 422–23 (emphasis added).[12]

Interestingly, in reaffirming *DeWalt*, the Seventh Circuit also addressed *DeWalt's* overruling of *Stone-Bey v. Barnes*, 120 F.3d 718 (7th Cir. 1997). [*See* ECF No. 12 at p.5 (citing *Stone-Bey*).] It noted that "[i]t was appropriate to overrule *Stone-Bey*, but not for the reason that [it] stated in *DeWalt*." *Savory*, 947 F.3d at 423. *Stone-Bey* involved a section 1983 challenge to a disciplinary conviction that resulted in the prisoner's placement in disciplinary segregation for one year. Much like the present case, a loss of good-time credits was not at issue. In the opinion, the Seventh Circuit "erroneously concluded" that it made no difference in applying *Heck* that the sentence imposed did not involve loss of good-time credits. *Id.* at 424. Thus, in *Savory*, the Seventh Circuit clarified that its application of *Heck* in *Stone-Bey* was erroneous because "[t]hat holding conflicts with *Muhammad*." *Id.* "[T]he holding in *Stone-Bey* was incorrect because *Heck* does not apply to conditions-of-confinement claims that do not implicate the validity of the underlying conviction or the length of custody." *Id.*

This court is further persuaded by the Seventh Circuit Court of Appeals' decision in *Savory*. Plaintiff's claims are those challenging conditions of his confinement. [ECF No. 1-1 at p.12.] He was placed in "punitive segregation," lost "MI custody status," lost "visitation, phone, tv, canteen privileges," could not participate in "recreation outdoors," and was placed on "security detention." *Id.* He does not seek immediate release, speedier release, or claim that his conviction which landed

---

[12] The *Savory* court also concluded that *DeWalt* went too far to the extent it implied that section 1983 must provide an avenue for relief in all cases where habeas relief is unavailable. 947 F.3d at 423.

him in prison is invalid.  For theses reasons, the court concludes that Plaintiff's section 1983 claims related to the disciplinary hearing are not barred by *Heck/Edwards*.  The undersigned declines to adopt the Report's recommendation that this court dismiss Plaintiff's claims on this basis.

## II. Dismissal of Claim for False Disciplinary Charge.

Plaintiff's second objection challenges the Report's reliance on and application of *McClary* in concluding that Plaintiff failed to state a plausible claim against Defendant Larry Cooper related to the purported false disciplinary charge.  [*See* ECF No. 21 at pp.6–10 (objection); ECF No. 12 at p.5 (report).]

Relying on *McClary*, the Report states that it "is settled that the act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights."  [ECF No. 12 at p.5.]  The court agrees.  "To the extent that plaintiff claims he was falsely accused, he fails to state a § 1983 claim because '[t]he prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.'" *McClary*, 2008 WL 3992637, at *4 n.6 (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)).  Because Plaintiff admits he was granted a hearing on the alleged false charges, his "due process rights [were] protected."  *Id.* (citing *Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir. 1995)).  The court, therefore, overrules Plaintiff's objection.  Plaintiff's claim against Defendant Larry Cooper is dismissed for failure to state a plausible constitutional claim.

## III. Motions to Amend.

Following the filing of the Report, Plaintiff filed three motions to amend his complaint.  [*See* ECF Nos. 23, 28, 32.]  Two of the three relate solely to the fact of the false disciplinary charge. [ECF Nos. 28, 32.]  As to those motions, the court denies them as futile.  The proposed changes

would not make his false disciplinary charge claim cognizable under section 1983. *See Carroll v. United States*, No. 5:14-CV-02167-JMC, 2015 WL 854927, at *6 (D.S.C. Feb. 27, 2015).

As to the first motion [ECF No. 23], Plaintiff has not filed a proposed amended complaint nor sufficiently explained how he intends to cure any deficiencies identified in the Report. The first motion is also denied.

## CONCLUSION

After careful consideration of the Report [ECF No. 12], the record, and the relevant law, the court declines to adopt the Report to the extent it concludes that Plaintiff's section 1983 claims related to his disciplinary hearing are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny. On this point, the undersigned recommits the matter to the Magistrate Judge to determine whether, absent the *Heck*-bar, Plaintiff otherwise states viable section 1983 claims related to the disciplinary hearing. Further, the court adopts the Report, in part, and incorporates it herein to the extent not inconsistent with the above, to the extent it recommends dismissal of the false disciplinary charge. As a result, the false disciplinary charge and Defendant Larry Cooper are dismissed from this action.

Plaintiff's motions to amend [ECF Nos. 23, 28, 32.] are DENIED as futile.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon\
United States District Judge

July 30, 2020\
Florence, South Carolina